UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARROD MOTEN,<br><br>              Plaintiff,<br><br>      v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>              Defendants. | Case No.: 1:26-cv-03038-EGC (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>(Doc. 2)<br><br>**14-DAY OBJECTION DEADLINE**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Sharrod Moten is appearing pro se in this civil rights action.

**I.      INTRODUCTION**

On April 22, 2026, Plaintiff filed a complaint and an application to proceed *in forma pauperis* (IFP). (Docs. 1 & 2.)

**II.      THREE STRIKES PROVISION OF 28 U.S.C. § 1915**

Title 28 of the United States Code section 1915 governs IFP proceedings. The statute provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it…. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (citation omitted).

### III.   JUDICIAL NOTICE

The Court takes judicial notice[1] of numerous prior lawsuits filed by Plaintiff in the Ninth Circuit Court of Appeals, this Court, and the United States District Court for the Central District of California[2]:

1. *Moten v. Abrams*, No. 23-2493 (9th Cir.) (appeal dismissed as frivolous on January 17, 2024)

2. *Moten v. United States Department of Justice*, No. 25-1797 (9th Cir.) (appeal dismissed as frivolous on June 17, 2025)

3. *Moten v. Carter*, No. 25-1800 (9th Cir.) (appeal dismissed as frivolous on January 22, 2026)

4. *Moten v. Los Angeles County District Attorney's Office*, No. 25-1873 (9th Cir.) (appeal dismissed as frivolous on June 18, 2025)

5. *Moten v. California Commission on Judicial Performance*, No. 25-3158 (9th Cir.) (appeal dismissed as frivolous on September 26, 2025)

6. *Moten v. United States District Court for the Central District of Los Angeles*, No. 25-3435 (9th Cir.) (appeal dismissed as frivolous on January 23, 2026)

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[2] Further, the Court notes the following cases also appear to qualify as strikes: *Moten v. Calderon*, No. 2:23-cv-02595-DOC-SP (C.D. Cal.) (dismissed for failure to state a claim on May 31, 2023); *Moten v. Phiefer*, No. 2:23-cv-06355-DOC-SP (C.D. Cal.) (dismissed for failure to state a claim on September 29, 2023); *Moten v. Superior Court of California, Los Angeles County*, No. 2:24-cv-09654-DOC-SP (C.D. Cal.) (dismissed for failure to state a claim on December 20, 2024); *Moten v. Newsom*, No. 2:24-cv-09735-DOC-SP (C.D. Cal.) (dismissed for failure to state a claim on March 11, 2026); *Moten v. Superior Court of California, Los Angeles County*, No. 2:24-cv-09880-DOC-SP (C.D. Cal.) (dismissed for failure to state a claim on December 17, 2024); *Moten v. Los Angeles County District Attorney's Office*, No. 2:25-cv-01179-DOC-SP (C.D. Cal.) (dismissed for failure to state a claim on February 12, 2025); *Moten v. Carter*, No. 2:25-cv-01437-RGK (C.D. Cal.) (dismissed as frivolous on February 25, 2025); *Moten v. Central District Court*, No. 2:25-cv-01603-CDM (C.D. Cal.) (dismissed as frivolous on April 30, 2025); *Moten v. Alafa*, No. 2:25-cv-03165-DOC-SP (C.D. Cal.) (dismissed as frivolous and for failure to state a claim on April 14, 2025).

7. *Moten v. Pfeiffer*, No. 1:24-cv-00043-JLT-GSA (E.D. Cal.) (dismissed for failure to state a claim on August 29, 2025)

8. *Moten v. Office of Inspector General*, No. 1:25-cv-00188-KES-EPG (E.D. Cal.) (dismissed for failure to state a claim/failure to amend on September 26, 2025)

9. *Moten v. Connoly*, No. 2:24-cv-09540-RGK (C.D. Cal.) (dismissed as frivolous on February 17, 2024)

A dismissal for a failure to state a claim (including where a district court dismisses a complaint for a failure to state a claim, grants leave to amend, and then plaintiff fails to file an amended complaint) or as frivolous is a strike for purposes of 28 U.S.C. § 1915(g). *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017); *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011). Because Plaintiff has incurred at least three prior "strikes," and each was dismissed prior to the commencement of the current action on April 22, 2026, Plaintiff is subject to the section 1915(g) bar. Moreover, he is precluded from proceeding IFP in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

### IV. IMMINENT DANGER DISCUSSION

#### *Plaintiff's Allegations*

The Court has conducted a review of Plaintiff's complaint. Plaintiff names the California Department of Corrections and Rehabilitation, California [Correctional] Health Care Services, Kern County, the warden at Kern Valley State Prison, about ten medical staff persons, four correctional staff persons, and two Doe defendants in the action. (Doc. 1 at 1-3 & 19-21.) He alleges three claims: Eighth Amendment deliberate indifference to serious medical needs, First Amendment retaliation, and "Fourteenth Amendment – Deprivation of Liberty Interest Through Falsification and Arbitrary Interference with Medical Access." (*Id*. at 16-17.)[3] Plaintiff seeks

---

[3] However, in response to a request to list the basis for jurisdiction if a federal question on the complaint form, Plaintiff's states the following: "This action arises under the First, Eighth, and Fourteenth Amendments to the United States Constitution; 42 U.S.C. § 1983; 42 U.S.C. § 1988; Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 (with implementing regulations at 28 C.F.R. pt. 35); § 504 of the Rehabilitation Act, 29 U.S.C. § 794; and the Declaratory Judgment Act, 28 US..C. §§ 2201-2202." (*See* Doc. 1 at 4.)

$5,000,000 in compensatory damages, $3,000,000 "for violations of Plaintiff's constitutional rights," $2,000,000 "for disability discrimination under the Americans with Disabilities Act … and the Rehabilitation Act," and "[e]conomic damages on the state-law medical negligence claims."[4] (*Id*. at 17-18.)

Under the heading "Statement of Claim," Plaintiff contends that he was in imminent danger when he filed an action in the United States District Court for the Central District of California, in case number 2:25-cv-03165, on April 7, 2025. (Doc. 1 at 5.) He states he "was experiencing ongoing and serious medical conditions that posed a substantial risk of further significant injury if left untreated" and maintains that "[d]espite satisfying the imminent danger standard, the action was terminated" on April 14, 2025, before he "was afforded any meaningful opportunity to be heard …."[5] (*Id*. at 5-6.) He maintains that Court's "dismissal was not based on a fair evaluation of the imminent danger allegations, but instead resulted from judicial bias and a pattern of denying Plaintiff meaningful access to the courts." (*Id*. at 6.) Essentially, Plaintiff argues that the Central District of California's dismissal of his action gives rise to his claims in this action. (*Id*.) Plaintiff further alleges that he "now suffer[s] from hypertension and related conditions due to Dr. Moerke, and the institution's deliberate indifference/malpractice." (*Id*.) Thereafter follows a summary of medical encounters and related allegations occurring between March 3 and July 29, 2025. (*Id*. at 7-16.) Plaintiff contends "the presence of a serious underlying cardiac condition require[es] ongoing monitoring and care." (*Id*. at 15.) He also alleges he "suffers from a hernia condition that limits [his] ability to engage in normal physical activity." (*Id*. at 16.) He concludes: "Despite statements indicating plaintiff is receiving treatment, Plaintiff continues to be denied consistent monitoring, appropriate accommodations, and necessary diagnostic testing, including advanced imagining, resulting in ongoing risk to Plaintiff's health." (*Id*.)

---

[4] The complaint does not assert an ADA/RA claim, nor does it assert state law medical negligence claims. Plaintiff's complaint identifies just three claims arising under the First, Eighth, and Fourteenth Amendments. (*See* Doc. 1 at 16-17.)

[5] The Court notes Plaintiff filed a motion for relief from judgment in that action on May 23, 2025; the motion was denied October 23, 2025. (2:25-03156-DOC-SP Docket, Nos. 8 & 10.)

4

Plaintiff's allegations do not satisfy the imminent danger exception to section 1915(g). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, No. 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger or insufficient. *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998).

Here, the Court is unable to identify any genuine emergency involving a real or proximate threat where time is pressing. *Lewis*, 279 F.3d at 531. First, it is unclear how the dismissal of another action in April of 2025, just over one year ago, presents an imminent danger of serious physical injury at the time Plaintiff's filed his complaint in this action. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) ("Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed"). Second, Plaintiff's factual allegations date from early March to late July of 2025; but again, circumstances present about months ago do not amount to a real or proximate threat where time is pressing. *See, e.g.*, *Wolinski v. Moeckly*, No. 2:25-cv-1202-JDP (P), 2025 WL 1455320, at *1-2 (E.D. Cal. May 21, 2025) (finding violations of federal and state law occurring between January and August 2024, including allegations of inadequate medical care, "are insufficient to show that [Wolinski] faced imminent danger of physical injury at the time when he filed the complaint"), adopted, 2025 WL 1756486 (E.D. Cal. June 25, 2025); *Fields v. Samadani*, No. 1:24-cv-01019-SKO, 2024 WL 4093766, at *2 (E.D. Cal. Aug. 29, 2024) ("Plaintiff lost the use of his C-PAP device on October 25, 2023, but waited more than nine months to file his complaint, suggesting any danger is not imminent"), adopted, 2025 WL 28276 (E.D. Cal. Jan. 3, 2025); *Franklin v. Gomez*, No. 21cv252-MMA (AGS), 2021 WL 633309, at *2 (S.D. Cal. Feb. 18, 2021) (incidents of past harm, such as events occurring before the filing of the complaint, insufficient to qualify for imminent-danger

5

exception); *Sykes v. Trost*, No. 16-cv-01241-SMY, 2017 WL 76969, at *3 (S.D. Ill. Jan. 9, 2017) (considering prisoner's chronic conditions, including "enlarged prostate, bloody stool, difficulties urinating, etc." and noting "the chronic conditions are stable and, though obviously aggravating to Plaintiff, present no imminent danger of serious physical injury" and that "the Complaint suggests that Plaintiff has received regular, ongoing medical treatment for these conditions"); *Owens v. Matthews*, No. CV 16-7755-JFW (KS), 2017 WL 603183, at *2 (E.D. Cal. Jan. 6, 2017) ("the exception does not provide a basis to avoid application of the three strikes on the basis of past harm. 28 U.S.C. § 1915(g)"); *Olivier v. Brazelton*, No. 14-0536 AWI BAM, 2015 WL 4910515, at *3 (E.D. Cal. Aug. 17, 2015) (finding prisoner's claim of prior assaults and a lack of appropriate medical treatment failed to show imminent danger).

Further, although Plaintiff asserts the "risk is ongoing," the Court finds his assertion to be speculative and hypothetical, particularly where it is clear he has received treatment and is receiving treatment for a heart condition but merely disagrees with that treatment.[6] *Blackman*, 2016 WL 5815905, at *1; *Thomas v. Doe*, No. 3:19-cv-00729-AJB-BGS, 2019 WL 13500212, at *2 (S.D. Cal. June 5, 2019) ("Plaintiff does allege he is in pain; but he does not plausibly claim any Defendant's actions currently place him in imminent danger of physical injury. Instead, he admits he is receiving medical care based on his ailments—he just does not believe the treatment being provided is adequate or sufficient to meet his needs"); *Balzarini v. Lewis*, No. 1:13-cv-00820-LJO-BAM (PC), 2015 WL 2345464, *8 (E.D. Cal. May 14, 2015) (finding that the plaintiff's disagreement with prison medical personnel about the course or adequacy of any treatment he was receiving did not establish imminent danger); *Thomas v. Ellis*, No. 12-cv-05563-CW(PR), 2015 WL 859071, *3 (N.D. Cal. Feb. 26, 2015) (finding allegations showing that the plaintiff was receiving medical treatment for his chronic pain, but that he disagreed with the type of medication the medical staff was prescribing for him was insufficient to show an

---

[6] *See, e.g.*, Doc. 1 at 7 ("Dr. Moerke refused indicated labs/imaging (CT/MRI), provided inadequate treatment;" "discharged … without corrective treatment"), 9 ("did not conduct a meaningful examination;" "without performing additional assessments;" "failed to … secure appropriate care"), 10 ("medical staff did not adequately investigate"), 11 (doctor's "conclusion was inconsistent with …;" "did not pursue additional diagnostic testing"), 12 (doctor "did not initiate further evaluation;" "failed to provide further diagnostic evaluation"), 15 ("has not received adequate or consistent blood pressure monitoring").

imminent danger of serious physical injury); *Stephens v. Castro*, No. 1:04-cv-06717-AWI-SMS (P), 2006 WL 1530265, *1 (E.D. Cal. May 31, 2006) (disagreement with prison personnel about course of treatment does not establish an imminent danger of serious physical injury under Section 1915(g)). Further, following review of the complaint, the undersigned does not find "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin*, 319 F.3d at 1050. And Plaintiff's reference to a "hernia condition" is vague and conclusory. *White*, 157 F.3d at 1231-32.

Next, Plaintiff does not explain how a purported due process violation and retaliation present an imminent danger of serious physical injury. *Blackman*, 2016 WL 5815905, at *1; *Martin*, 319 F.3d at 1050; *see also Maldonado-Ramirez v. Francisco*, No. 1:23-cv-00162-HBK (PC), 2023 WL 2327471, at *7 (E.D. Cal. Mar. 2, 2023) (finding that due process allegations fail to demonstrate imminent danger warranting an exception to the PLRA three-strikes rule), adopted, 2023 WL 2918622 (E.D. Cal. Apr. 11, 2023); *Taylor v. Carter*, No. 1:13-cv-1155 SAB (PC), 2014 WL 11774844, at *1 (E.D. Cal. May 5, 2014) (holding plaintiff's allegations of "excessive force, retaliation, and due process allegations arising from his placement and retention in administrative segregation" failed to show plaintiff was in imminent danger at the time the complaint was filed); *Prophet v. Clark*, No. CV 1-08-00982-FJM, 2009 WL 1765197, at *1 (E.D. Cal. June 22, 2009) (holding prisoner's access to the courts, interference with legal mail, and retaliation claims insufficient to satisfy § 1915(b) exception for cases of "imminent danger of serious physical injury").

Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)." *Stine v. Fed. Bureau of Prisons*, No. 1:13-cv-1883 AWI MJS, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 298-99 (2d Cir. 2009)). In deciding whether such a nexus exists, courts consider "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. The three-strikes litigant must meet both requirements in order

7

to proceed [in forma pauperis]." *Id*. Here, to the extent Plaintiff relies on purportedly unlawful conduct by the Central District when that Court dismissed an earlier action on a finding he failed to meet the imminent danger exception, the Court finds those allegations are not fairly traceable to the unlawful conduct asserted in the complaint because they don't stem from the violations alleged; rather, they relate to Plaintiff's disagreement with the Central District's determination. *See Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022) (the alleged danger must "stem[] from the violations of law alleged in [the] complaint ... [and] fairly traceable to unlawful conduct alleged in [the] complaint"). Thus, Plaintiff does not meet the first requirement of the nexus test.

In sum, Plaintiff fails to allege that he was in any imminent danger of serious physical injury at the time the complaint in this action was filed. Therefore, Plaintiff should be precluded from proceeding IFP in this action and must pay the $405.00 filing fee to litigate this action. *Andrews*, 493 F.3d at 1052-53; *Lewis*, 279 F.3d at 531.

## V.    ORDER AND RECOMMENDATION

Accordingly, the Court **HEREBY ORDERS** the Clerk of the Court to assign a district judge to this action.

Further, based on the foregoing, the Court **HEREBY RECOMMENDS** that:

1.  Plaintiff's application to proceed IFP (Doc. 2) be **DENIED** and Plaintiff be precluded from proceeding IFP in this action in accord with 28 U.S.C. section 1915(g); and Plaintiff be ordered to pay the $405.00

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation

may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **May 5, 2026**                     _____
                                             UNITED STATES MAGISTRATE JUDGE

9